# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**QUORDALIS V. SANDERS,**

    Petitioner,

    v.                                                  Case No. 18-CV-628

**BRIAN FOSTER,**

    Respondent.

## ORDER

Quordalis Sanders, who is currently incarcerated at Waupun Correctional Institution, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Docket # 5.) Accompanying his petition is a motion for leave to proceed *in forma pauperis*. (Docket # 2.) Sanders has also submitted his prison account statement for the 6-month period immediately preceding the filing of the petition, in accordance with 28 U.S.C. § 1915(a)(2). (Docket # 3.)

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon review of Sanders' affidavit and his prison account statement, I find that he has insufficient assets to pay the $ 5.00 filing fee. Accordingly, Sanders' motion to proceed without prepayment of the filing fee (Docket # 2) is granted.

I must now review his petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody in violation of the Constitution or laws or treaties of the United States." Under Rule 4, the district court must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During the initial review of habeas petitions, the Court generally reviews whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Sanders' first ground for relief is a Fourth Amendment violation. (Docket # 1 at 6.) Sanders' alleges that the magistrate who issued his arrest warrant was not neutral. Generally, there is no federal habeas review for Fourth Amendment violations. *Sutton v. Pfister*, 834 F.3d 816, 820 (7th Cir. 2016). However, a petitioner qualifies for the narrow exception "if he was not afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial court and direct review." *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 486 (1976)). Because a possible exception applies, it is not plain from the face of the petition that Sanders is not entitled to relief.

Second, Sanders raises a vindictive prosecution claim. (Docket # 5 at 7.) It appears that Sanders alleges that the prosecutor charged him with additional crimes after Sanders raised his right to a preliminary hearing. (*Id*.) The Seventh Circuit has recognized vindictive prosecution as a valid Due Process constitutional claim for habeas petitioners. *See Williams v. Bartow*, 481 F.3d 492, 502 (7th Cir. 2007). Third, Sanders argues that he was convicted based on insufficient evidence. (Docket # 5 at 8.) Insufficiency of evidence has also been

recognized as a cognizable Due Process claim available for habeas relief. *See Carrion v. Butler*, 835 F.3d 764, 773 (7th Cir. 2016).

Finally, Sanders raises an ineffective assistance of trial counsel claim as well as an ineffective assistance of post-conviction counsel claim. An ineffective assistance of counsel allegation is a clear constitutional ground for habeas relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Although not entirely clear, it appears Sanders claims that his counsel failed to raise important evidence during his trial and post-trial proceedings. (Docket # 5 at 10.) Upon review of the petition, it is not plain from the face of the petition that Sanders is not entitled to relief.

**NOW, THEREFORE, IT IS ORDERED** that a copy of Sanders' petition and this Order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent is directed to serve and file an answer, motion, or other response to the petition for writ of habeas corpus, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claims:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have forty-five (45) days following the filing of the petitioner's initial brief within which to file a brief in opposition; and

3. The petitioner shall have thirty (30) days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have forty-five (45) days following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have thirty (30) days following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Sanders is hereby notified that, from now on, he is required, under Fed. R. Civ. P. Rule 5(a), to send copies of all filings with the court to the respondent or respondent's counsel. Sanders should also retain a personal copy of each document. If Sanders does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the respondent or respondent's counsel.

Dated at Milwaukee, Wisconsin this 29th day of May, 2018.

                                          BY THE COURT

                                          *s/Nancy Joseph*
                                          NANCY JOSEPH
                                          United States Magistrate Judge