# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

QUORDALIS V. SANDERS,

     **Petitioner,**

**v.**
                                     **Case No. 18-CV-628**

BRIAN FOSTER,

     **Respondent.**

## DECISION AND ORDER

Quordalis V. Sanders, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Sanders was convicted of exposing his genitals to a child, disorderly conduct, causing a child to view sexually explicit conduct, and stalking, all as a repeat offender. He was sentenced to two years of imprisonment and three years of extended supervision. Sanders contends that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for a writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

In December 2013, Sanders was charged in Racine County with exposing his genitals to a child, disorderly conduct, causing a child to view sexually explicit conduct, and stalking, all as a repeat offender. (Docket # 26-2.) The charges stemmed from repeated complaints by the teenaged victim, E.M., who testified that Sanders would park outside the restaurant where she worked and watch her, and twice exposed himself and engaged in lewd behavior while watching her. (Trial Day Two Transcript at 20–36, Docket # 35-1 at 19–35.)

Following a two-day jury trial, Sanders was found guilty on all counts and sentenced to five years, consisting of two years of imprisonment and three years of extended supervision. (Docket # 26-2.) Sanders filed a postconviction motion arguing ineffective assistance of counsel, and a *Machner* hearing was held. (Docket # 32-9.) Counsel for Sanders filed a no-merit brief in the court of appeals (Docket # 26-3), to which Sanders responded (Docket # 26-4). On August 30, 2017, the court of appeals summarily affirmed the judgment of conviction. (Docket # 5-1 at 1–9.) The court denied Sanders' motion for reconsideration on June 2, 1017. (Docket # 5-1 at 12.) The Wisconsin Supreme Court denied review on February 13, 2018. (Docket # 5-1 at 10.) On June 2, 2017 Sanders repeated his arguments in a petition for writ of habeas corpus in the court of appeals (Docket # 26-6), which was dismissed on September 29, 2017 for failure to serve process (Docket # 5-1 at 17).

Sanders filed a petition for a writ of habeas corpus in this court on April 19, 2018 (Docket # 1), and an amended petition on May 21, 2018 (Docket # 5).

### STANDARD OF REVIEW

Sanders' petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme

Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

Habeas relief is available only for state court decisions that are contrary to federal law.

This court may not review whether a state court properly applied its own state laws. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

## ANALYSIS

Sanders' amended petition argues that he is entitled to a writ of habeas corpus on multiple grounds, including bias of the magistrate who issued his arrest warrant (Docket # 5 at 6), lack of probable cause for the arrest warrant (*id.* at 6–7), vindictive prosecution and prosecutorial misconduct (*id.* at 7–8), insufficiency of the evidence (*id.* at 8–9), and ineffective assistance of trial and appellate counsel (*id.* at 9).

### 1. Procedural Default

Most of Sanders' claims have been procedurally defaulted for failure to exhaust at the state level. A federal court may not entertain a petition from a prisoner in state custody unless the petitioner has exhausted available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Whether a petitioner has done so depends on several factors, including: (1) whether the petitioner relied on federal cases that

engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. *Sweeney v. Carter*, 361 F.3d 327, 332 (7th Cir. 2004) (internal quotation and citation omitted).

Sanders' briefs are difficult to follow, but construing his appellate brief as liberally as possible, Sanders appears to have presented three arguments to the court of appeals: (1) ineffective assistance of trial counsel for failing to request a jury instruction on other-acts evidence or moving to sever the stalking charge (Docket # 26-4 at 7–9); (2) ineffective assistance of appellate counsel for failing to file a Notice of Appeal and instead filing a no-merit report (*id.* at 9); and (3) insufficiency of the evidence on the stalking charge (*id.* at 10–11). On this record, Sanders' challenge to the warrant (Ground One) and claims of vindictive prosecution and prosecutorial misconduct (Ground Two) are procedurally defaulted. In his reply, Sanders appears to argue that the default should be excused due to ineffectiveness of counsel and actual innocence. (Docket # 37 at 2.) However, Sanders does not develop this argument. It is also worth noting that even if Sanders had presented his Fourth Amendment challenge to the state court, the claims would have been barred by *Stone v. Powell*, 428 U.S. 465 (1976.) Thus, I conclude that he has procedurally defaulted these claims and is barred from raising them here.[1]

### 2. Ineffective Assistance of Counsel

Sanders argues that his trial counsel was ineffective for (1) failing to file a pretrial

---

[1] Sanders also argues that the Respondent's brief was untimely filed, objecting to several extensions of time Respondent requested and this court granted. (*Id.* at 2–3.) Having reviewed the docket, I do not find the Respondent's brief untimely. The Respondent's brief was finally due February 22, 2019 (Docket # 34), and that is the date Respondent submitted it (Docket # 36).

motion objecting to the multiplicity of the charges, (2) failing to move to sever the stalking charge due to the other-acts evidence it involved, and (3) failure to request the cautionary instruction to the jury regarding such other-acts evidence. (Docket # 5 at 9.) Sanders also argues that appellate counsel was ineffective for failing to raise the issues of multiplicity and sufficiency of the evidence rather than filing a no-merit report. (*Id.*) Because Sanders appears not to have raised his claim of ineffective assistance of appellate counsel for failing to argue multiplicity in state proceedings, he is procedurally barred from doing so here, and I will address only the ineffective assistance of trial counsel claims.

The clearly established Supreme Court precedent for ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, Sanders must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. To satisfy *Strickland's* performance prong, the defendant must identify "acts or omissions of counsel that could not be the result of professional judgment." *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1015 (7th Cir. 1988) (citing *Strickland*, 466 U.S. at 690). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 689). A reviewing court must seek to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. We "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," *id.*, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," *id.* at 690.

To establish prejudice, it is "not enough for the defendant to show that his counsel's

errors had some conceivable effect on the outcome of the [trial]." *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001). A petitioner must show "that there is a reasonable probability that, but for counsel's errors, the result of the [trial] would have been different." *Strickland*, 466 U.S. at 694. This does not mean that the defendant must show that "counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. Rather, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Making this probability determination requires consideration of the totality of the evidence before the jury. *Id.* at 695. A "verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696.

A court deciding an ineffective assistance claim need not approach the inquiry "in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." *Id.*

In this case, Sanders alleges that trial counsel was deficient in her handling of evidence of a 2010 incident with the same victim. (Docket # 5 at 9.) Sanders argues that counsel ought to have objected to admission of that evidence, insisted on a cautionary instruction to the jury about the use of that evidence, and tried to sever the stalking charge from the other charges

to avoid putting that incident before the jury. (*Id.*)

The court of appeals noted that, at the *Machner* hearing, trial counsel testified that she had not requested the cautionary instruction because she had not wanted to draw the jury's attention to the earlier incident. (Docket # 5-1 at 4; Hearing Transcript at 6, Docket # 32-9.) She also stated that she had not sought to sever the stalking charge because the judge would have denied it as the evidence was admissible on the other counts. (Docket # 5-1 at 4; Hearing Transcript at 6–7, Docket # 32-9.) The court of appeals upheld the trial court's determination that counsel had not acted deficiently, because counsel advanced a logical strategic reason for failing to request the cautionary instruction and for failing to seek severance of the stalking charge. (Docket # 5-1 at 7.) Sanders has not shown that this was contrary to or an unreasonable application of *Strickland*; indeed, it is precisely the type of strategic decision this court may not second-guess. Therefore, Sanders is not entitled to habeas relief on this ground.

### 3. Insufficiency of the Evidence

Sanders argues that there was insufficient evidence to convict him of the stalking charge. The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt.'" *Cabrera v Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). The inquiry does not require the federal habeas court to "ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Woodby v. INS*, 385 U.S. 276, 282 (1966)).

Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

A federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *See id*. at 324 n.16. Under Wis. Stat. § 940.32(2)(a), stalking requires "intentionally engag[ing] in a course of conduct directed at a specific person that would cause a reasonable person under the same circumstances to suffer serious emotional distress or to fear bodily injury to or the death of himself or herself or a member of his or her family or household." The statute defines "course of conduct" as "a series of 2 or more acts carried out over time, however short or long, that show a continuity of purpose," including any of the listed actions. Wis. Stat. § 940.32(1)(a).

Sanders argues that because the victim was temporarily out of state and at other times not working at the restaurant between the initial exposure incident in 2010 and the later incidents in 2013, there was no course of action showing continuity of purpose. (Docket # 5 at 8–9.) The court of appeals disagreed, holding that even if the court discounted any incident prior to the "interruption," there was sufficient evidence of two or more acts afterward to support Sanders' conviction. (Docket # 5-1 at 7–8.)

At trial, the victim testified that in August of 2013, she returned to work at the restaurant after having worked elsewhere for a time. (Trial Day Two Transcript at 27, Docket # 35-1 at 26.) She stated that she sometimes saw Sanders parked outside the restaurant, watching her and moving his lips as though speaking to her. (*Id.* at 28.) She stated that when this occurred, she would tell her boss, who would tell Sanders to leave. (*Id.* at 28–29.) She called police to report Sanders' disturbing behavior on November 19, 2013 and December 1,

2013. (*Id.* at 29, 30.) She testified that on December 6, 2013, she again called the police because Sanders exposed himself and engaged in lewd behavior directed toward her. (*Id.* at 31–32.) A recording of the 911 call was played in court. (*Id.* at 35–36.)

Based on this evidence, a rational jury could conclude that Sanders had engaged in a continuous, purposeful course of conduct, consisting of two or more acts, to support his conviction for stalking. Therefore, the court of appeals' decision that the evidence was sufficient to convict him was not unreasonable or contrary to *Jackson*, and Sanders is not entitled to habeas relief on this claim.

## CONCLUSION

To obtain habeas relief, Sanders must show that the state court's decision was contrary to or an unreasonable application of federal law. The court of appeals' determination that counsel was not deficient and that the evidence was sufficient to convict Sanders was not contrary to or an unreasonable application of federal law. Sanders' remaining claims are procedurally defaulted. Accordingly, Sanders' petition does not present any basis for relief under 28 U.S.C. § 2254. The petition will be denied and this case dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement

to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When issues are resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.* at 485.

Jurists of reason could not debate that Sanders fails to make a substantial showing of the denial of a constitutional right. Thus, I will deny him a certificate of appealability. Of course, Sanders retains the right to seek a certificate of appealability from the court of appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Sanders' amended petition for a writ of habeas corpus (Docket # 5) is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of March, 2019.

BY THE COURT:

*s/Nancy Joseph*_____
NANCY JOSEPH
United States Magistrate Judge